IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SS NILES BOTTLE STOPPERS, LLC, <br><br> *Plaintiff,* <br><br> v. <br><br> STEER MACHINE TOOL & DIE CORP., <br><br> *Defendant.* | CIVIL ACTION <br> NO. 3:16-CV-320 |

## ORDER

AND NOW, this _____ day of _____, 2016 upon consideration of Defendant's Motion to Dismiss Plaintiff's Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6), and any response thereto, IT IS HEREBY ORDERED and DECREED that the motion is GRANTED and Plaintiff's Complaint is dismissed, with prejudice.

_____

, U.S.D.J.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SS NILES BOTTLE STOPPERS, LLC, <br><br> *Plaintiff,* <br><br> v. <br><br> STEER MACHINE TOOL & DIE CORP., <br><br> *Defendant.* | CIVIL ACTION <br> NO. 3:16-CV-320 |

## DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

Defendant Steer Machine Tool & Die Corp., by and through its undersigned attorneys, and pursuant to Federal Rule of Civil Procedure 12(b)(6), hereby moves this Honorable Court for an Order providing the following relief:

1. dismissing Counts I and II of Plaintiff's Complaint – Plaintiff's False Designation of Origin/Unfair Competition in Violation of 15 USC § 1125(a) claims – in their entirety for failure to state a claim upon which relief can be granted;

1

2. dismissing Counts III and IV of Plaintiff's Complaint – Plaintiff's common law Trademark Infringement claims – in their entirety for failure to state a claim upon which relief can be granted;

3. dismissing Counts V and VI of Plaintiff's Complaint – Plaintiff's Trademark Dilution in Violation of 15 U.S.C. § 1125(a) claims – in their entirety for failure to state a claim upon which relief can be granted;

4. dismissing Count VII of Plaintiff's Complaint – Plaintiff's Cyberpiracy in violation of 15 U.S.C. § 1125(d) claim – in its entirety for failure to state a claim upon which relief can be granted;

5. dismissing Count VIII of Plaintiff's Complaint – Plaintiff's common law Unfair Competition claim – in its entirety for failure to state a claim upon which relief can be granted;

6. dismissing Count IX of Plaintiff's Complaint – Plaintiff's commercial disparagement claim – in its entirety for failure to state a claim upon which relief can be granted;

7. dismissing Count X of Plaintiff's Complaint – Plaintiff's Tortious Interference with Prospective Economic Advantage claim – in its entirety for failure to state a claim upon which relief can be granted;

8. dismissing Count XI of Plaintiff's Complaint – Plaintiff's Unjust Enrichment claim – in its entirety for failure to state a claim upon which relief can be granted.

9. dismissing Count XIII of Plaintiff's Amended Complaint- Plaintiff's Fraud claim-in its entirety for failure to state a claim upon which relief can be granted.

In support of its motion, Defendant incorporates by reference its accompanying Brief in Support of Defendant's Motion to Dismiss.

**MARGOLIS EDELSTEIN**

_/s/ Michael R. Miller, Esq._
CHRISTOPHER A. TINARI, ESQ.
MICHAEL R. MILLER, ESQ.
The Curtis Center, Suite 400E
170 S. Independence Mall W.
Philadelphia, PA 19106-3337
Tel.: 215.922.1100
Date: April 29, 2016        _Attorneys for Defendant_

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SS Niles Bottle Stoppers, LLC, | |
| *Plaintiff,* | No.: 3:16-cv-320 |
| v. | |
| Steer Machine Tool & Die Corp., | |
| *Defendant.* | |

## DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

## I.    MATTER BEFORE THE COURT

Before this Honorable Court is Defendant Steer Machine Tool & Die Corp. ("Defendant") Motion to Dismiss the Amended Complaint of Plaintiff, SS Niles Bottle Stoppers LLC ("Plaintiff" or "SS Niles") pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II.    STATEMENT OF FACTS[1]

---

[1] Defendant sets forth the relevant facts as alleged in the Complaint for purposes of this Motion to Dismiss only, and reserves the right to respond to and deny all facts and allegations if the instant Motion is denied.

1

Plaintiff, SS Niles Bottle Stoppers, LLC is engaged in the business of selling bottle stoppers among other products. Defendant manufactures and sells bottle stoppers. Defendant was previously the exclusive manufacturer of Plaintiff's bottle stoppers. In November of 2015, Defendant began selling its own bottle stoppers at which time Plaintiff registered its "SS Niles Bottle Stoppers" mark. Soon thereafter, Plaintiff discontinued all orders from Defendant and moved all production to its new manufacturer.

On or about February 22, 2016, Plaintiff filed its initial Complaint with this Honorable Court. On or about March 21, 2016, Defendant filed a Motion to Dismiss Plaintiff's Complaint. Instead of responding to Defendant's Motion to Dismiss, Plaintiff filed an Amended Complaint on or around April 15, 2016. A true and correct copy of the Amended Complaint is attached as Exhibit "A."

Rather than address the deficiencies Defendant noted in its initial Motion to Dismiss, Plaintiff's Amended Complaint remains unchanged with the exception of the addition of two new claims - a breach of contract claim and a fraud claim. Like Plaintiff's initial Complaint, the Amended Complaint alleges various violations of the Lanham Act including false designation of origin/unfair competition, trademark infringement, trademark dilution and cyberpiracy. In

2

addition, Plaintiff asserts claims under Pennsylvania common law for trademark infringement, unfair competition, commercial disparagement, tortious interference with prospective advantage and unjust enrich as well as Pennsylvania common law.   Defendant now moves to dismiss Plaintiff's Amended Complaint in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(6).

## III.   LEGAL ANALYSIS

### A. Standard of Review

Pursuant to Rule 12(b)(6), a defendant bears the burden of demonstrating that a plaintiff has failed to state a claim upon which relief can be granted. Hedges v. U.S., 404 F. 3d 744, 750 (3d Cir. 2005).   In Bell Atlantic v. Twombly, the United States Supreme court sets forth the standard federal courts shall use to analyze a motion to dismiss.  550 U.S. 544, 570 (2007).

Under this standard, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).  Simply reciting the elements of a cause of action, and supporting such recitations with conclusory statements is not enough under this standard.   Twombly, 550 U.S. at

3

555. Only well-pleaded facts in a complaint are assumed to be true. Iqbal, 556

U.S. at 679. Pleadings that are no more than mere conclusions are not entitled

to the assumption of truth.  Id. at 679.  This Honorable Court has analyzed

Twombly together with the Supreme Court's ruling in Iqbal and stated that

"where the well-pleaded facts do not permit the court to infer more than the

mere possibility of misconduct, the Amended Complaint has alleged-but it has

not 'shown'-that the pleader is entitled to relief." Thompson v. Wynnewood of

Lower Merion Twp., 2012 WL 4033706 at *3 (E.D. Pa., Sept. 13, 2012).

Following Iqbal and Twombly, the Third Circuit Court of Appeals set forth

a three-part analysis when determining whether a complaint survives a 12(b)(6)

motion to dismiss, including (1) determining whether the plaintiff set forth the

elements needed to state a claim; (2) separating well-pleaded factual allegations

from mere conclusions; and (3) determining from these well-pleaded factual

allegations whether they "plausibly give rise to an entitlement for relief."

Thompson, 2012 WL 4033706 at *3 (E.D. pa. Sept. 13, 2012) (citing Santiago v.

Warminster Twp., 629 F. 3d 121, 130 (3d Cir. 2010)).

While all well-pleaded facts in a complaint are assumed to be true and all

reasonable inferences are to be drawn in favor of the plaintiff, "courts are not,

4

however, bound to accept as true legal conclusions couched as factual allegations, or 'accept as true unsupported conclusions and unwarranted inferences." <u>Davis v. Abington Mem'l Hosp.</u>, 2011 WL 4018106, at *2 (E.D. Pa. Sept 8, 2011) (citing <u>Twombly</u>, 550 U.S. at 564; <u>Schuylkill Energy Res., Inc. v. Pa Power & Light Co.</u>, 113 F. 3d 405, 417 (3d Cir. 1997)). As such, "a plaintiff's obligation to provide 'grounds' of [her] entitle[ment] to relief requires more than labels and conclusions, and formulaic recitation of a cause of action's elements." <u>Twombly</u>, 550 U.S. at 545. In this case, taking the well-plead facts as true, the facts alleged do not give rise to a plausible entitlement to the legal or equitable relief sought in the Amended Complaint.

In this instant matter, Plaintiff's Amended Complaint fails to meet this "facial plausibility" standard because this Honorable Court cannot infer the elements of these claims from the facts alleged in the Amended Complaint. This memorandum will discuss each count of the Amended Complaint in turn.

> B. **Plaintiff has not pled facts sufficient to state claims for trademark infringement or false designation of origin/unfair competition.**

Counts 1 and 2 of the Amended Complaint allege violations of § 1125(a) of the Lanham Act for false designation of origin/unfair competition. Counts 3 and 4 asserts trademark infringement pursuant to Pennsylvania common law.

### 1. Plaintiff has not demonstrated that its mark is famous.

To succeed on a claim for trademark infringement under the Lanham Act, Plaintiff must establish the following three elements: (1) the mark is valid and legally protectable; (2) the marks are owned by the plaintiff; and (3) the defendant's use of the marks to identify goods or services is likely to create confusions concerning the origin of the goods or services. Capital Bonding Corp. v. ABA Bail Bonds, Inc., 69 F. Supp. 2d 691, 693 (E.D. Pa. 1999). Plaintiff must demonstrate the same elements to state a common law trademark infringement claim under Pennsylvania law. Standard Terry Mills, Inc. v. Shen Mfg. Co., 803 F.2d 778, 780 n. 4 (3d Cir. 1986).

Trademarks can be divided into four classifications– generic, descriptive, suggestive, and arbitrary or fanciful-  which are categorized according to distinctiveness). R&B, Inc. v. Needa Parts Mfg., Inc., 418 F. Supp. 2d 684, 697 (E.D. Pa. 2005).  Generic marks are those that "function as the common descriptive name of the product class," and descriptive terms convey "an

6

immediate idea of the ingredients, qualities or characteristics of the goods." Id. Suggestive marks, on the other hand, require consumer "imagination, thought, or perception" to determine the identity of the product. Id. Arbitrary or fanciful marks use terms that neither describe nor suggest anything about the product; they "bear no logical or suggestive relation to the actual characteristics of the goods." Id. For a mark to obtain trademark protection it must be suggestive, arbitrary or fanciful.

In this instant matter, Plaintiff has alleged ownership of a mark that is neither suggestive nor arbitrary/fanciful.  Rather, Plaintiff's mark is descriptive. The letters "SS" represent an industry abbreviation for stainless steel, the material used in the manufacturer of the Defendant's bottle stoppers.  Thus, the name "SS" indicates a characteristic of the product.

For a descriptive mark to be given trademark protection there must be a showing of secondary meaning.  Secondary meaning "exists where the mark is interpreted by the consuming public to be not only an identification of the product or services, but also a representation of the origin of those products or services." Id. In evaluating whether a mark has obtained secondary meaning, the Third Circuit has instructed courts to consider a non-exhaustive list of factors

7

including: 1) the extent of sales and advertising leading to buyer association; 2) length of use; 3) exclusivity of use; 4) the fact of copying; 5) customer survey; 6) customer testimony; 7) the use of the mark in trade journals; 8) the size of the company; 9) the number of sales; 10) the number of customers; and 11) actual confusions.

As far as exclusivity of use, Plaintiff only registered its mark in November 2015, around the time Defendant began selling its bottle stoppers. Plaintiff also conveniently excludes from its recitation of the facts that upon learning that Defendant was getting into the business of selling bottle stoppers, President, Ruth Niles, purchased three domain names with the "Steer" name. Moreover, Plaintiff does not plead any facts relating to the extent of its sales. Similarly, Plaintiff does not rely on any customer surveys or testimony, or even provide any of Plaintiff's own advertisements that feature its mark. As such, Plaintiff does not plead sufficient facts to show that its mark has acquired secondary meaning.

8

2. **Plaintiff's alleged Product Numbers are not entitled to trademark protection and, in addition, Plaintiff has not pleaded a likelihood of damage as necessary to state a claim for unfair competition.**

To establish a prima facie case of unfair competition under the Lanham Act, Section 43(a)(1)(A), plaintiff must prove: "(1) Use of a word, term, name, symbol, devise or false designation of origin; (2) in interstate commerce; (3) in connection with goods or services; (4) which is likely to cause confusion, mistake, or deception as to the origin, sponsorship, or approval of defendant's goods or services by another person; and (5) likelihood of damage to the plaintiff." Trade Media Holdings Ltd. v. Huang Assocs., 123 F. Supp. 2d 233, 242 (D.N.J. 2000). Once again, the Lanham Act and Pennsylvania law are identical with regard to unfair competition, except the later does not share the federal requirement of interstate commerce. Artus Corp. v. Nordic C o., Inc., 512 F. Supp. 1184, 1187 (W.D. Pa. 1981).

In Counts 2 and 4 Plaintiff alleges claims of trademark infringement and false designation of origin/unfair competition under 15 U.S.C. §1125(a) and Pennsylvania common law in connection with Defendant's alleged use of SS Niles' Product Numbers. Plaintiff's claims are frivolous. Plaintiff seeks protection

9

of its Product Numbers; however, Defendant as the former manufacturer, issued all part numbers to the products in an effort to create a quick reference system for the different style stoppers.  Plaintiff now attempts to claim that Defendant is using *her* Product Numbers without SS Niles' permission. In fact, Plaintiff, in an email dated August 15, 2014 to Defendant noted "I'm going to change my stock or product numbers on my website and for me. I'm getting a bit confused with all the numbers and want to do away with the 300 series of numbers because of 304 grade stainless. It's up to you if you want to keep them as they are." See Exhibit "B".

Furthermore, the registration (No. 86830938) of Plaintiff's alleged mark only applies to the "SS Niles" mark and not to any product numbers. Plaintiff does not allege the existence of a separate trademark registration for its product numbers but instead attempts to bootstrap an infringement claim along with its allegations that Defendant infringement upon the SS Niles Mark.  Assuming arguendo, that the product numbers were capable of trademark protection, unregistered marks are not entitled to a presumption of validity as are marks that are registered. Ford Motor Co. v. Summit Motor Prods., Inc., 930 F.2d 277, 291-92 (3d Cir. 1991); see 15 U.S.C. § 1057(b).  In asserting a trademark infringement

claim over an unregistered mark, the "[v]alidity of an unregistered trademark depends on the mark's level of inherent distinctiveness." A.J. Canfield Co. v. Honickman, 808 F.2d 291, 296 (3d Cir. 1986). R&B, Inc. v. Needa Parts Mfg., Inc., 418 F. Supp. 2d 684, 697 (E.D. Pa. 2005). Here, there is nothing distinct about Plaintiff's alleged Product Numbers, which Exhibit "B", demonstrated were created by Defendant for organizational purposes. Finally, even if Plaintiff was able to overcome the aforementioned deficiencies, Plaintiff has failed to allege that it has actually been harmed by lost or diverted sales because of Defendant's alleged conduct.

As such, Plaintiff has failed to allege a requisite element under 1125(a). Accordingly, Counts 1 through 4 should be dismissed for failure to state a claim.

### C. Counts 5, 6, and 7 must be dismissed because plaintiff has not demonstrated that its mark is famous.

In Count 5, Plaintiff attempts to assert a claim of trademark dilution in violation of 15 U.S.C. §1135 (e). Similarly, Count 6 alleges trademark dilution under § 1124 of the Pennsylvania Code. 54 Pa. C.S.A. § 1124. Count 7 asserts a claim of cyberpiracy under 15 U.S.C. §1125(d). These claims must fail because Plaintiff does not sufficiently plead the claims it seeks to make.

11

1. Plaintiff does not plead facts sufficient to establish a claim of trademark dilution.

To establish a claim for trademark dilution, a plaintiff must show that: (1) its mark is famous; (2) the defendant is making use of the mark in commerce; (3) the defendant's use began after the mark became famous; and (4) the defendant's use is likely to cause dilution by tarnishment or dilution by blurring. Haynes Int'l, Inc. v. Electralloy, No. 04-197E, 2009 U.S. Dist. LEXIS 24365, at *54 (W.D. Pa. Mar. 23, 2009). The same elements must be demonstrated to establish a trademark dilution claim under Pennsylvania law.

With respect to the first element, "a mark is only famous for dilution purposes if the mark is 'widely recognized by the general consuming public of the United States.'" Haynes Int'l Inc. v. Electralloy, 2009 U.S. Dist. Lexis 24365 *54 (3d. Cir. Mar. 23, 2009) (citing 15 U.S.C. § 1125(c)(2)). As such, "a mark that is famous only in "niche" markets is not protected under the FDRA [§ 1125(c)]." Id. (citing Componentone L.L.C. v. Componentart Inc., 2007 U.S. Dist. LEXIS 89772 (W.D. Pa. Dec. 6, 2007). Plaintiff has an obligation to "provide grounds of [her] 'entitl[ment] to relief" and this "requires more than labels and conclusions, and formulaic recitation of a cause of action's elements." Twombly, 550 U.S. at

12

545. Plaintiff's scant conclusion that "the SS Niles Mark is famous and distinctive" amounts to nothing more than a formulaic recitation of the elements of trademark dilution and as such should not survive a motion to dismiss. Exhibit "A" at ¶ 94.

Here, Plaintiff has not established that its mark is "famous" as defined in 15 U.S.C §1125(c). In fact, Plaintiff's Amended Complaint fails to allege when its mark purportedly became famous and whether the Defendant began using its marks before or after Plaintiff's mark purportedly became famous. Plaintiff's meager conclusion that "the SS Niles Mark is famous and distinctive" amounts to nothing more than a formulaic recitation of the elements of trademark dilution and as such should not survive a motion to dismiss. Exhibit A at ¶ 94. Thus, it follows that because Plaintiff does not adequately plead facts to allow this court to find Plaintiff's mark is famous, Plaintiff cannot establish the third element that Plaintiff's use came after Plaintiff's mark became famous. As stated before, Plaintiff did not register its mark until Defendant started selling its own bottle stoppers.

The same applies for Plaintiff's allegation that "as a direct and proximate results of Steer's conduct, SS Niles has sustained and will continue to sustain

13

substantial damages." Exhibit A at ¶ 97. Such an allegation is merely a legal conclusion and without more cannot suffice to state a claim for trademark dilution. Plaintiff has an obligation to "provide grounds of [her] 'entitl[ment] to relief" and this "requires more than labels and conclusions, and formulaic recitation of a cause of action's elements." Twombly, 550 U.S. at 545. Thus, Plaintiff's claims must fail because Plaintiff does not sufficiently plead the claims it seeks to make.

### 2. Count 7 must fail because Plaintiff failed to offer more than a basic recitation of the legal elements for Cyberpiracy.

Similarly, Plaintiff's claim for cyberpiracy fails to allege that Plaintiff's mark is famous. To state a claim under Section 1125(d) of the Lanham Act, a plaintiff must prove that "(1) its mark is a distinctive or famous mark entitled to protection, (2) the defendant's domain names are identical or confusingly similar to the plaintiff's marks, and (3) the defendant registered the domain names with the bad faith intent to profit from them." Petmed Express, Inc. v. Medpets.com, Inc., 336 F. Supp. 2d 1213, 1218 (S.D. Fla. 2004) (citations omitted).

As discussed in the previous section, Plaintiff's mark is not famous and, therefore, is not entitled to protection. Moreover, Plaintiff has not sufficiently

alleged bad faith. Plaintiff's Amended Complaint states that "Steer registered ssbottlestoppers.com on July 22, 2015." . Exhibit A at ¶ 108. Plaintiff then makes the conclusory statement that "Steer, has, in bad faith registered, trafficked in and used a domain name that is confusing similar to the SS Niles Mark" without providing any supporting factual averments. Exhibit A at ¶ 109. Once again, Plaintiff relies on the basic recitation of the legal elements, which is insufficient to state a claim.

Also of significance, is the date in which Steer registered this domain. Steer registered its domain name before Plaintiff even registered the SS Mark. It is worth noting that Defendant attempted to purchase steerbottlestoppers.com, but was unable to do so because said domain was already owed by Ms. Niles. In fact, Ms. Niles owns three websites with the "Steer" name including steerstainlessstoppers.com and steermachinestoppers.com in addition to the aforementioned steerbottlestoppers.com.

### D. Count 9 must be dismissed because Plaintiff fails to plead the elements of a claim for commercial disparagement.

Count 9 of the Amended Complaint asserts a claim for commercial disparagement under Pennsylvania common law. To state a claim for

commercial disparagement a plaintiff must demonstrate four elements: 1) publication of a false statement concerning the business of another; 2) the publisher either intends publication to cause pecuniary loss or reasonably should recognize that publication will result in pecuniary loss; 3) pecuniary loss does in fact result; 4) the publisher either knows that the statement is false or acts in reckless disregard of its truth or falsity. <u>Corr. Med. Care, Inc. v. Gray</u>, No. 07-2840, 2008 U.S. Dist. LEXIS 6596, at *57 (E.D. Pa. Jan. 30, 2008).

Plaintiff asserts in its Amended Complaint that "Steer made false statements to damage SS Niles by stating that SS Niles does not sell the originally designed stoppers." ¶ 122. This statement itself is false and contradicts Exhibit D to Plaintiff's Amended Complaint.   Defendant's statement in Exhibit D is accurate that SS Niles' stoppers are now produced by a different manufacturer. Plaintiff's Compliant confirms the truth of Defendant's statement in ¶ 26 where Plaintiff asserts that it obtained a new manufacturer.   Since there is nothing disparaging about Defendant's statement, Plaintiff fails to plead the elements needed to state a claim for commercial disparagement.

Accordingly, Plaintiff fails to state a claim for commercial disparagement because it has not adequately pleaded publication of a false statement. Moreover,

16

Plaintiff cannot demonstrate a pecuniary loss resulted from the alleged statement. While a response to Plaintiff's Amended Complaint is limited to the four-corners of the document, Plaintiff attached only a limited part of an email chain that has been taken out of context. As such, the full email chain is attached hereto as Exhibit "B." The remainder of the email chain demonstrates that Defendant did not receive any business flowing from the attached email communications.

### E. Plaintiff has failed to set forth the elements needed to state a claim for unjust enrichment.

Count 11 must be dismissed because it is factually insufficient to state a claim for unjust enrichment. To state a claim for unjust enrichment, a plaintiff must plead (1) a benefit conferred on the defendant by the plaintiff; (2) appreciation of the benefit by the defendant; and (3) the defendant's acceptance and retention of the benefit under such circumstances that it would be inequitable for defendant to retain the benefit without payment of value. Bunnion v. Contrail, 108 F. Supp 2d 403, 427 (E.D. Pa. 1999).

Unjust enrichment claims have historically been invoked following unconsummated or void contracts. Steamfitters Local, 171 F.3d at 936. "Where

17

unjust enrichment is found, the law implies a contract, referred to as either a quasi-contract or a contract implied in law, which requires that the defendant pay to plaintiff the value of the benefit conferred." Lawn v. Enhanced Serv. Billing, Inc., No. 10-cv-1196, 2010 U.S. Dist. LEXIS 69738, at *13-14 (E.D. Pa. July 8, 2010) (citing Schenck v. K.E. David, Ltd., 446 Pa. Super. 94, 666 A.2d 327, 328 (Pa. Super. Ct. 1995)).

In Lawn v. Enhanced Serv. Billing, Inc., the court held that it would not "extend the unjust enrichment doctrine to any and all tort claims involving the "unjust" taking of another's chattel." Id. at *14-15.  The court reasoned that to hold otherwise would effectively extend the unjust enrichment doctrine to any and all tort claims involving the "unjust" taking of another's chattel. See id. The Lawn court "was unwilling to take this step and make the unjust enrichment doctrine a stand-in for conversion" and therefore dismissed the plaintiff's claim. Id. Lawn, suggests that under these circumstances, the proper cause of action is one for conversion, which, for the reasons discussed above, is inappropriate in this case. Plaintiff's unjust enrichment claim, therefore, must be dismissed.

In the present case, Plaintiff has not alleged the existence of a broken contract between the parties or that any benefit was conferred to Defendant. As

such, Plaintiff has failed to allege any scenario in which it would be appropriate for this Court to imply a contract. For this reason, Count 11 should be dismissed.

> ### F. Plaintiff has failed to set forth the elements needed to state a claim for tortious interference with prospective economic advantage under Pennsylvania common law.

Should this court find that Plaintiff's tortious interference with prospective economic advantage is not barred but the gist of the action doctrine, Count 10 should still be dismissed because Plaintiff does not sufficiently state a claim for such. A prima facie case of tortious interference with prospective economic advantage entails (1) the existence of a prospective economic advantage, (2) defendant's intent to harm plaintiff by preventing the relationship from occurring, (3) the absence of privilege or justification on the part of the defendant, and (4) the occurrence of actual damages as a result of defendant's conduct. Gilmour v. Bohmueller, 2005 U.S. Dist. Lexis 1611, at *40 (E.D. Pa. Jan. 27, 2005).

With respect to the first element, Plaintiff must allege more than a mere hope of a future economic advantage. The Third Circuit has explained that a prospective contract is "something less than a contractual right, something more than a mere hope; it exists if there is a reasonable probability that a contract will

arise from the parties' current dealings." Alvord-Polk, Inc. v. F. Schumacher & Co., 37 F.3d 996, 1015 (3d Cir. 1994). A complaint alleging tortious interference with prospective economic advantage must allege facts that if proven would give rise to an inference that plaintiff would have entered into particular contracts but for defendant's interference.

Here, Plaintiff's Amended Complaint does not contain any such factual allegations. Plaintiff's Amended Complaint alleges only that "SS Niles has many customers, some of which are identified on its website" and "[u]pon information and belief Steer contacted the customers listed on SS Niles website." Exh. "A" at ¶ 35. Plaintiff does not refer to any prospective contracts. "Conclusory speculation that plaintiffs might have entered into a business or contractual relationship with unspecified third parties is insufficient to state a claim for tortious interference." Gilmour, 2005 U.S. Dist. Lexis 1611 at *40. Moreover, Plaintiff has not demonstrated an intent by Defendant to harm Plaintiff or that Plaintiff suffered actual damages. Because such a showing has not and cannot be made, Count 10 should be dismissed for failure to state a claim.

### G. Plaintiff's tortious interference with prospective economic advantage fraud claim are barred by the gist of the action doctrine.

The gist of action doctrine applies to bar Plaintiff's tort claims alleged in Counts 10 and 13. In Count 10 of the Amended Complaint, Plaintiff asserts a claim for tortious interference with prospective economic advantage. In Count 13 of the Amended Complaint, Plaintiff asserts a claim for fraud.

According to Pennsylvania case law[2], plaintiffs may not "re-cast[] ordinary breach of contract claims into tort claims." To enforce this principle, courts apply the gist of the action doctrine. "This gist of the action doctrine bars a tort claim when (1) the claim arises from a contract between the parties, (2) the duties breached were created by the contract, (3) liability derives from the contract, or (4) the success of the tort claim is wholly dependent upon the contract's terms." Cunningham Lindsey U.S., Inc. v. Bonnani, No. 1:13-CV-2528, 2014 U.S. Dist. LEXIS 55450, at *14 (M.D. Pa. Apr. 22, 2014).

The gist of the action doctrine requires the court examine the essential nature of the claim alleged by identifying the source of the duties alleged

---

[2] "The Pennsylvania Supreme court has not expressly adopted the gist of the action doctrine, but the Third Circuit Court of Appeals and Pennsylvania Superior Court have predicted that it will do so." Didato v. Wells Fargo Ins. Servs., 44 F. Supp. 3d 541, n6 (M.D. Pa. 2014).

breached. <u>Didato v. Wells Fargo Ins. Servs.</u>, 44 F. Supp. 3d at 553.   The doctrine

serves to "maintain the conceptual distinction between breach of contract claims

and tort claims." <u>eToll, Inc. v. Elias/Savion Adver.</u>, 811 A. 2d 10, 14 (Pa. Super

2002). Although contract and tort claims "derive from a common origin, distinct

difference between civil actions for tort and contract breach have developed at

common law." That is, [t]ort actions lie for breaches of duties imposed by law as

a matter of social policy, while contract actions lie only for breaches of duties

imposed by mutual consensus agreement between particular individuals . . . ." <u>Id.</u>

Thus, if the duties derive from an agreement between the parties, then the claim

sounds in contract. <u>Id.</u> Conversely, if the duties are collateral to the contract then

the claim sounds in tort. <u>Id.</u> In <u>Didato</u>, the court found that the gist of the

plaintiff's fraudulent inducement claim lied in contract, not tort, because it arose

out of representations that were intertwined with plaintiff's claims that the

defendant fraudulently induced him to agree to the restrictive covenants set forth

in the defendant's confidentiality and non-solicitation agreement. <u>Didato</u>, 44 F.

Supp. 3d at 552.

Pennsylvania courts have applied the gist of the action doctrine to both

fraud and tortious interference claims.  <u>See</u> <u>Caudill Seed & Warehouse Co. v.</u>

Prophet 21, Inc., 123 F. Supp 2d 826 (E.D. Pa. 2000) (holding gist of the action doctrine barred plaintiff's fraud claim against software company that provided software that failed to work as promised); see also Cunningham Lindsey U.S., Inc. v. Bonnani, No. 1:13-CV-2528, 2014 U.S. Dist. LEXIS 55450, at *14 (M.D. Pa. Apr. 22, 2014) (barring plaintiff's tortious interference claim pursuant to gist of the action doctrine). The gist of this instant matter is contractual. In 2005, Plaintiff and Defendant entered into an agreement whereby Defendant would be the exclusive manufacturer of Plaintiff's bottle stoppers.   The allegations that Plaintiff makes against Defendant for tortious interference with prospective economic advantage and fraud deal with Plaintiff's breach of contract claim. All of the rights and obligations of the parties lie within the agreement; thus, all allegations made by Plaintiff against Defendant are governed by the terms of the agreement.  Plaintiff's fraud claim even refers to the agreement between the parties, as Plaintiff states, "SS Niles contracted with Steer to provide it with specialty stainless steel bottle stoppers."  Exhibit A at ¶ 157. Plaintiff goes on to state, "Steer's representations to SS Niles were material to the contract between them and SS Niles' purchase of bottle stoppers from Steer." Id. at ¶ 168. Accordingly, these claims must be dismissed because the gist of the action

doctrine prevents Plaintiff from merely restating her breach of contract claim as a tort claim. Counts 10 and 13 are duplicative of Plaintiff's breach of contract claim, and therefore are barred by the gist of the action doctrine.

## IV.   CONCLUSION

Based on the foregoing, Defendant respectfully requests that this Honorable Court enter an Order, substantially in the form apprehended hereto, dismissing Plaintiff's Amended Complaint with prejudice, pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted.

Respectfully submitted,

MARGOLIS EDELSTEIN

MICHAEL R. MILLER, ESQUIRE
The Curtis Center, Suite 400E
170 S. Independence Mall W.
Philadelphia, PA 19106
Tel.:  215.922.1100
*Attorney for Defendant*

Date: April 29, 2016

## CERTIFICATE OF SERVICE

I, Michael R. Miller, certify that, on this date, I sent a true and correct copy

of Defendant Steer Machine Tool & Die Corp.'s Memorandum of Law in Support

of Defendant's Motion to Dismiss Plaintiff's Amended Complaint, via Electronic

Filing to all counsel listed on the docket.

MARGOLIS EDELSTEIN

BY: _____

MICHAEL R. MILLER, ESQUIRE
Identification No. 306904
The Curtis Center, Suite 400E
170 S. Independence Mall West
Philadelphia, PA 19106
Tel.: 215.922.1100
*Attorney for Defendant, Steer Machine
Tool & Die Corp.*

Dated: April 29, 2016