# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SS NILES BOTTLESTOPPERS, LLC, | : | No. 3:16cv320 |
| Plaintiff | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| STEER MACHINE TOOL & | : | |
| DIE CORP., | : | |
| Defendant | : | |

## **MEMORANDUM**

Before the court are two motions filed by Defendant Steer Machine Tool & Die Corporation in this case, which was closed in October 2016. The first motion is to reopen the case. The second motion is titled "Motion for Contempt," however, it mainly involves enforcement of the settlement agreement that the parties entered into in October 2016 after a conference held before Magistrate Judge Karoline Mehalchick. For the following reasons, we will deny the motion to reopen and dismiss the motion for contempt.

**Background**

This case involves a trademark for a bottlestopper. (See Doc. 11, Am. Compl.) Plaintiff SS Niles Bottlestoppers, LLC manufactures bottlestoppers for use in bottles of wine, olive oil, balsamic vinegar, bath oil, liquors and decorative herb bottles. (Id. at 15). Plaintiff filed a thirteen-count complaint against

Defendant Steer Machine Tool & Die Corp., alleging, *inter alia*, trademark infringement. (Doc. 11, Am. Compl.).

On June 20, 2016, the court referred the case to Magistrate Judge Karoline Mehalchick for a settlement conference. (Doc. 16). Judge Mehalchick held a settlement conference and reported to the court that the case had settled. Then on July 26, 2016, we issued an order of dismissal providing sixty (60) days in which to consummate the settlement. (Doc. 23).

Although the docket is not precise, it appears that problems arose in the settlement and the parties contacted Judge Mehalchick for further assistance. She held a telephonic status conference on the matter on August 31, 2016. (Doc. 25). The parties then asked the court to extend the time for consummation of the settlement, which the parties deemed "the deadline to reinstate this case." (Doc. 30). The court issued an order on September 27, 2016, extending the deadline to reinstate the case to October 3, 2016. (Doc. 32).

Plaintiff filed a notice of settlement of the case on October 4, 2016. (Doc. 33). The case had previously been closed due to the first notice from Magistrate Judge Mehalchick that the case had settled in July 2016, and thus, it remained closed when the court received this second notice of settlement.

Then more than a year later on November 20, 2017, the defendant filed the instant motion to reopen the case and motion for contempt. (Doc. 34 & Doc. 35).

2

The defendant contends that the plaintiff "has failed to comply with the consent order and agreement entered by this court." (Doc. 36, ¶ 43). As discussed below, however, no consent order and agreement was ever entered by the court in this case - the parties entered into a settlement agreement between themselves. (Doc. 46, Exh. A, "Confidential Settlement Agreement and Mutual Release"). Hence, relief will not be granted to the defendant.

**Jurisdiction**

Originally, this court had jurisdiction over this matter because several of the causes of action were based on federal intellectual property law. See 28 U.S.C. § 1331, 28 U.S.C. § 1338. We had supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367. As set forth below, however, we find that we no longer have jurisdiction.

**Discussion**

As noted above, defendant has filed a motion for contempt. The basis for the contempt motion is the assertion that plaintiff "has failed to comply with the consent order and agreement entered by this court." (Doc. 36, Pl.'s Memo. at 13).[1] In other words, defendant asks the court to enforce the settlement

---

[1] The memorandum actually states that "defendant" has failed to comply, however, as plaintiff filed the memorandum, and in light of the substance of the memorandum, we assume that they meant that the defendant failed to comply. This transposition of "plaintiff" and "defendant" continues in the memorandum but we have interpreted "plaintiff" for "defendant" and vice versa where appropriate.

agreement and find plaintiff in contempt. (Id.) We do not have jurisdiction to enforce the settlement agreement at issue. We only have jurisdiction to enforce a settlement where "the parties' obligation to comply with the terms of the settlement agreement had been made part of the order of dismissal – either by separate provision (such as a provision 'retaining jurisdiction' over the settlement agreement) or by incorporating the terms of the settlement agreement in the order[.]" Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 381 (1994); see also Shaffer v. GTE North, Inc., 284 F.3d 500, 503 (3d Cir. 2002) (indicating that providing the parties a certain amount of time to consummate the settlement and reinstate the case if settlement had not been consummated by that date is not sufficient to indicate that the court retained jurisdiction over the settlement agreement).

The reasoning of the courts is that enforcement of a settlement agreement is more than the continuation or renewal of a dismissed suit, and requires its own basis of jurisdiction. Kokkonen, 511 U.S. at 378. For example, in a case such as this one, a federal question no longer exists after the case is settled. If the parties attempt to enforce the settlement agreement, the basis of the dispute has changed from a federal trademark issue into a contract dispute. Such a dispute would be governed by state law and would need an independent basis of jurisdiction.

Here, the order of dismissal reads as follows: "**ORDER OF DISMISSAL** Upon notice to the Court by the appointed settlement officer, it is hereby ordered that this case is dismissed without costs. The parties will have sixty days in which to consummate the settlement." (Doc. 23, Order dated July 26, 2016). The parties' obligation to comply with the settlement agreement is not incorporated into the dismissal order either by a separate provision or incorporating the terms of the settlement agreement in the order. Thus, we do not have jurisdiction to enforce the settlement agreement.

Defendant's memorandum in support of its contempt motion indicates that the undersigned judge entered a court order upon the settlement agreement. (Doc. 36, Pl.'s Memo. at 4). The record does not reveal any such order. Rather, the parties entered into a settlement agreement between themselves, which was not made into a court order. (Doc. 46, Exh. A, "Confidential Settlement Agreement and Mutual Release").

The defendant also argues that we have jurisdiction because the parties agreed that the undersigned and Magistrate Judge Mehalchick would have jurisdiction over any dispute regarding the agreement. Defendant is correct that the settlement agreement demonstrates that the parties intended for the court to have jurisdiction to hear disputes arising out of it. The agreement states: "The parties consent and agree that Judge James M. Munley and Magistrate Judge

5

Karoline Mehalchick . . . shall have sole and exclusive jurisdiction over any . . . enforcement of this Agreement." (Doc. 36, Exh. A, Settlement Agreement ¶ 12). The fact that the parties agreed that this court would have jurisdiction, however, has no legal effect. Parties cannot grant jurisdiction to this court by agreement. Beach v. KDI Corp., 490 F.2d 1312, 1318 (3d Cir. 1974); see also Kokkonen, 511 U.S. at 377 ("Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute.").

The defendant further indicates that Magistrate Judge Mehalchick retained jurisdiction over the case when she noted: "But in the event that you have any other problems, just reach out to chambers or file a letter, and we'll be noticed on it, and we will proceed accordingly." (Doc. 34, Exh. A, N.T. July 25, 2016 at 5) This statement does not make compliance with the settlement agreement a term of the dismissal order or incorporate the settlement agreement into the dismissal order. It appears that Judge Mehalchick made this statement on the assumption that the parties would file a consent to proceed before a magistrate judge form and then the Magistrate Judge would retain jurisdiction over the case. (Id. at 2-3). Specifically, Judge Mehalchick stated: "Additionally, the parties have agreed to consent to the jurisdiction of the Magistrate Judge in this case, and upon approval of that Consent Order, I've agreed to retain jurisdiction of this case, in the event that there is an issue with it, either, the final drafting of the release or

enforcement of the settlement agreement at any future time." (Id.) That is not, however, what happened in this case.

The parties did not file a consent to the jurisdiction of the magistrate judge, and thus, Judge Mehalchick's comments cannot be deemed to have retained jurisdiction over enforcement of the settlement agreement. Additionally, it appears that all was not well with the settlement that was reached at the July 23, 2016 conference as Magistrate Judge Mehalchick held another conference, this time telephonically, on September 23, 2016. (Doc. 31, Minute Sheet for Sept. 23, 2016 Conf.). At this conference the parties indicated that they should have the settlement agreement worked out by the end of the week. Then, approximately a week and a half later, the parties filed a notice of settlement. (Doc. 33). None of these filings evince the court's intention to retain jurisdiction over the settlement agreement.

**Conclusion**

Accordingly, the defendant's motion to reopen this case will be denied and the motion for contempt/motion to enforce settlement agreement will be dismissed for lack of jurisdiction.

**Date: Dec. 5, 2017**                          **s/ James M. Munley**
                                                 **JUDGE JAMES M. MUNLEY**
                                                 **United States District Court**